IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3028-M-RJ

MARKUS ODON MCCORMICK, )
)
        Plaintiff, )
)
v. ) ORDER
)
DEPUTY SHERIFF JAMIE MCLEOD, et )
al., )
)
        Defendants. )

This cause is before the court on plaintiff's second motion to amend [D.E. 14], and defendants' motions to stay discovery [D.E. 31] and for extension of time to respond to plaintiff's discovery requests [D.E. 38, 39].

The court first addresses plaintiff's second motion to amend. Defendants oppose the motion. Plaintiff requires leave to amend. Fed. R. Civ. P. 15(a)(2). However, a court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quotation omitted); see Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.").

In evaluating futility, the court considers whether the proposed amended complaint would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See In re Triangle

1

Case 5:23-ct-03028-M-RJ   Document 40   Filed 01/05/24   Page 1 of 3

Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) (noting Fourth Circuit precedent provides that "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." (citation omitted)); Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" (citation and internal quotation marks omitted)).

The court has reviewed the proposed amended complaint under the governing standard. Plaintiff's motion is not the model of clarity. Plaintiff's motion to amend appears to consist of a list of additional claims and damages he seeks against defendants. (Second Mot. to Am. [D.E. 14] at 1–6). Plaintiff also seeks to add Cumberland County and "John Doe Surety Company" as defendants, and reinstate formerly named defendant Sheriff Ennis Wright. (Id. at 4–6). Other than conclusory legal statements, plaintiff provides little to no factual support for his additional claims. The claims in plaintiff's second motion to amend amount to mere "labels and conclusions" that are insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"); cf. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Therefore, the motion is denied as futile.

Next, the court considers defendants' motions to stay discovery pending resolution of their motions to dismiss and for extension of time to respond to plaintiff's discovery requests. Plaintiff

2

did not respond in opposition to the motion to stay. Because the court has not set a period of discovery, plaintiff's discovery-related filing is premature. (See Req. for Produc. of Docs. [D.E. 35]). Accordingly, the court grants defendants' motions to stay and for extension of time to respond to plaintiff's discovery requests. The court reminds plaintiff not to docket discovery-related materials unless ordered to do so by the court. See Local Civil Rule 26.1(a); Local Civil Rule 33.1.

In sum, the court DENIES plaintiff's second motion to amend [D.E. 14]. Defendants' motions to stay discovery pending resolution of their motions to dismiss [D.E. 31] and for extension of time to respond to plaintiff's discovery requests [D.E. 38, 39] are GRANTED. Defendants shall have **30 days** from entry of a scheduling order in this matter to respond to plaintiff's currently pending discovery requests.

SO ORDERED, this 5th day of January, 2024.

RICHARD E. MYERS II
Chief United States District Judge