IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3028-M-RJ

| | | |
|---|---|---|
| MARKUS ODON MCCORMICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEPUTY SHERIFF JAMIE MCLEOD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This action is before the court on defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) [D.E. 27, 29]. Plaintiff responded in opposition. For the reasons discussed below, the court grants defendants' motions.

## STATEMENT OF THE CASE

On January 26, 2023, plaintiff filed the instant action alleging defendants violated his civil rights. (Compl. (D.E. 1)). Plaintiff alleges defendants made false statements to obtain search and arrest warrants as to plaintiff, as well as during a bond hearing and grand jury proceedings. (Id. at 1–7).

After conducting its initial review, the court allowed the action to proceed on September 28, 2023. On December 8, 2023, defendants filed their motions to dismiss supported by memorandums. On December 27, 2023, plaintiff filed responses in opposition to defendants' motions.

## STATEMENT OF FACTS

The facts, as alleged in plaintiff's complaint, may be summarized as follows. On December 10, 2020, in Hope Mills, North Carolina, plaintiff was arrested for assaulting Eric Vasquez ("Vasquez") outside of Vasquez's mobile home. (Compl. [D.E. 1-1] at 1). Upon arrest, plaintiff was placed in the backseat of a sheriff's vehicle while deputies searched plaintiff's car, seizing money and a cell phone. (Id.). Defendant Jamie McLeod ("McLeod"), a deputy sheriff, recovered a firearm and controlled substances from under Vasquez's mobile home. (Id.). McLeod charged plaintiff with possession of those items. (Id.).

Defendant McLeod appeared in front of a magistrate and gave false statements to swear out an arrest warrant charging plaintiff with breaking and entering, "terrorize injure victim," assault with a deadly weapon, possession with attempt to sell and deliver schedule I, II, and IV controlled substances, and possession of firearm by a felon. (Id. at 1, 3). Plaintiff was booked into Cumberland County Detention Center and placed under a bond. (Id. at 2). Plaintiff posted a bond and was placed on the Fayetteville Police Department's electronic house monitoring system. (Id.).

On December 21, 2020, plaintiff's charges were upgraded to first degree burglary and assault with a deadly weapon inflicting serious injury. (Id.). As a result, defendant Ramon Herrera ("Herrera"), a detective with the Fayetteville Police Department, and other police officers went to plaintiff's address, busted open the front door, yelled for plaintiff to come outside, and arrested plaintiff in front of his home. (Id.). Herrera did not have an arrest warrant in his possession at the time of arrest. (Id.). Unnamed officers then entered plaintiff's home without a search warrant and

2

without consent. (Id.). Plaintiff was transferred to the Cumberland County Detention Center by defendant McLeod and another officer, and was booked for the upgraded charges. (Id.).

When plaintiff was booked on the upgraded charges, defendants Herrera and McLeod gave false statements to the magistrate judge to obtain search warrants. (Id. at 2–3). Specifically, defendant Herrera falsely stated that officers approaching plaintiff's home could "detect a strong odor of marijuana" from the residence. (Id. at 4). A search warrant was issued, and Herrera seized plaintiff's cell phone and money. (Id. at 2). He further informed plaintiff that if they searched plaintiff's home and did not find any drugs, plaintiff's money would be returned to him. (Id.). During the search, two firearms and residual amounts of controlled substances were recovered. (Id.). Herrera charged plaintiff with two counts of possession of a firearm by a felon and misdemeanor possession of controlled substances. (Id.). Herrera did not return plaintiff's currency or phone. (Id.). Plaintiff received another increase in his bond. (Id. at 3).

Defendant Janet Olsen ("Olsen"), a detective with the Fayetteville Police Department, charged plaintiff with the additional offenses of promoting prostitution and human trafficking, resulting in another increase in plaintiff's bond. (Id.). In her statement to the magistrate judge to obtain the requisite arrest warrants, Olsen made false statements. (Id. at 6). During a bond hearing on January 21, 2021, Olsen stated a victim alleged plaintiff "had [driven] her to [a] date with a guy named Sean." (Id. at 7). However, plaintiff's GPS monitoring for the same date shows plaintiff never left his residence. (Id.). Defendant Olsen also made false statements during grand jury proceedings on April 12, 2021. (Id. at 6). Plaintiff remained in custody from December 21, 2020, until all charges were dismissed on September 1, 2021. (Id. at 3).

3

COURT'S DISCUSSION

A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Iqbal, 556 U.S. at 677–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

"[I]n evaluating a Rule12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 679–80. However, the court will not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" or "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255 (quotation marks and citations omitted). "Nor must [a court] accept as true allegations that contradict matters properly subject to judicial notice." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). Although the court liberally construes pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), all complaints must contain "more than labels and conclusions," Twombly, 550 U.S. at 555.

4

B.  Analysis

As stated above, plaintiff alleges defendants made false statements when obtaining arrest and search warrants. "[A]n officer contravenes the Fourth Amendment when he procures a [ ] warrant through the use of false statements, whereby a magistrate would not have otherwise found probable cause." See Unus v. Kane, 565 F.3d 103, 124 (4th Cir. 2009); see also Franks v. Delaware, 438 U.S. 154, 155–56 (1978). A plaintiff must show that the statements were deliberately false or made with "reckless disregard for the truth," or information was omitted with the intent to make the affidavit misleading. Franks, 438 U.S. at 171. Additionally, the false statements or omissions must be material in that after deleting the falsities or inserting omitted information the warrant affidavit would not establish probable cause. See Miller v. Prince George's Cnty., MD, 475 F.3d 621, 628 (4th Cir. 2007). Plaintiff "should point out specifically the portion of the warrant affidavit that is claimed to be false." Franks, 438 U.S. at 171.

Here, plaintiff fails to specify any false statements made by defendants McLeod or Olsen in their warrant affidavits. Further, plaintiff fails to allege any information regarding the materiality of Herrera's alleged false statement that officers could smell marijuana outside plaintiff's residence during the arrest of plaintiff on December 21, 2020. Accordingly, plaintiff fails to state a claim as to defendants' alleged false statements.

Regarding any alleged false statements made by defendant Olsen during a bond hearing or grand jury proceeding, criminal trial witnesses have absolute immunity for their testimony. See Briscoe v. LaHue, 460 U.S. 325, 330– 34 (1983); Day v. Johns Hopkins Health Sys. Corp., 907 F.3d 766, 771– 72 (4th Cir. 2018). This is because, "[w]hen a witness takes the oath, submitting his own testimony to cross-examination, the common law does not allow his participation to be

B.  Analysis

As stated above, plaintiff alleges defendants made false statements when obtaining arrest and search warrants. "[A]n officer contravenes the Fourth Amendment when he procures a [ ] warrant through the use of false statements, whereby a magistrate would not have otherwise found probable cause." See Unus v. Kane, 565 F.3d 103, 124 (4th Cir. 2009); see also Franks v. Delaware, 438 U.S. 154, 155–56 (1978). A plaintiff must show that the statements were deliberately false or made with "reckless disregard for the truth," or information was omitted with the intent to make the affidavit misleading. Franks, 438 U.S. at 171. Additionally, the false statements or omissions must be material in that after deleting the falsities or inserting omitted information the warrant affidavit would not establish probable cause. See Miller v. Prince George's Cnty., MD, 475 F.3d 621, 628 (4th Cir. 2007). Plaintiff "should point out specifically the portion of the warrant affidavit that is claimed to be false." Franks, 438 U.S. at 171.

Here, plaintiff fails to specify any false statements made by defendants McLeod or Olsen in their warrant affidavits. Further, plaintiff fails to allege any information regarding the materiality of Herrera's alleged false statement that officers could smell marijuana outside plaintiff's residence during the arrest of plaintiff on December 21, 2020. Accordingly, plaintiff fails to state a claim as to defendants' alleged false statements.

Regarding any alleged false statements made by defendant Olsen during a bond hearing or grand jury proceeding, criminal trial witnesses have absolute immunity for their testimony. See Briscoe v. LaHue, 460 U.S. 325, 330– 34 (1983); Day v. Johns Hopkins Health Sys. Corp., 907 F.3d 766, 771– 72 (4th Cir. 2018). This is because, "[w]hen a witness takes the oath, submitting his own testimony to cross-examination, the common law does not allow his participation to be

deterred or undermined by subsequent collateral actions for damages." Day, 907 F.3d at 771. Plaintiff therefore cannot pursue civil claims against defendant Olsen based on perjured testimony.

To the extent plaintiff seeks to state a conspiracy claims as to defendants, plaintiff makes no allegation as to a mutual understanding among defendants as required. See Howard v. Food Lion, Inc., 232 F. Supp. 2d 585, 597 (M.D.N.C. 2002) (citing Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204, 1206 (7th Cir. 1980)).

To the extent plaintiff alleges defendant Herrera's December 21, 2020, arrest of plaintiff was unlawful, plaintiff fails to allege the arrest was not supported by probable cause. See Bostic v. Rodriguez, 667 F. Supp. 2d 591, 607 (E.D.N.C. 2009).

## CONCLUSION

For the reasons discussed above, defendants' motions to dismiss [D.E. 27, 29] are GRANTED. Plaintiff's claims are DISMISSED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of September, 2023.

Richard E. Myers II
RICHARD E. MYERS, II
Chief United States District Judge

6